**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YANHONG LI, | Civ. No. 16-1845 (KM) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY and JOHN BUCSEK, | |
| Defendants. | |

**MCNULTY, U.S.D.J.:**

The plaintiff, Yanhong Li, brings this action against her former employer, defendant Metropolitan Life Insurance Company ("MetLife"), and the Managing Partner who was her supervisor, John Bucsek. Now before the Court is the defendants' motion (ECF no. 8) to dismiss Counts 3 and 5 of the Complaint. The motion will be denied as to Count 3 and granted without prejudice as to Count 5.

### I.   APPLICABLE STANDARD

FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140

1

F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

### III.  DISCUSSION

#### A.  Count 3 – *Quid pro quo* sexual harassment under NJLAD

Defendants move to dismiss Count 3, which alleges *quid pro quo* sexual harassment in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 *et seq.*

Defendants contend, correctly, that NJLAD primarily imposes liability on an "employer," a definition that fits MetLife, but not Bucsek. Unlike federal law, however, NJLAD does impose individual liability, albeit through the awkward route of "aiding and abetting." NJLAD makes it unlawful for "any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act." N.J. Stat. Ann. § 10:5-12(e). *See also Cicchetti v. Morris Cnty. Sheriff's Office*, 947 A.2d 626, 645 (2008) ("individual liability of a supervisor for acts of discrimination or for

creating or maintaining a hostile environment can...arise through the 'aiding and abetting' mechanism.").

To hold an employee liable as an aider and abettor, Plaintiff must show: (1) the employer whom the defendant aided performed a wrongful act causing an injury; (2) the defendant was generally aware of his role as part of an overall illegal or tortious activity at the time that he provided the assistance; and (3) the defendant knowingly and substantially assisted the principal violation. *Cicchetti*, 947 A.2d at 645 (citing *Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 127 (3d Cir. 1999)).

It is true, as defendants point out, that Count 3 does not explicitly cite N.J. Stat. Ann. § 10:5-12(e), and does not in so many words allege aiding and abetting. The complaint does, however, cite the NJLAD, N.J. Stat. Ann. § 10:5-1 *et seq.*, which would encompass the following sections within the statute. And it does set forth facts that might, if proven, establish aiding and abetting liability under the *Cicchetti* standard.

The complaint alleges that on multiple occasions, Bucsek called Li into his office, invited her to restaurants, and touched her sexually. When she refused his advances, Bucsek retaliated by accusing her of misconduct. (Cplt. ¶ 12) The Human Resources investigation, conducted by someone who worked closely with Bucsek, was allegedly biased. (Cplt. ¶ 14) The conduct allegedly involved MetLife's upper management. (Cplt. ¶ 31) Count 3 seeks judgment against "Defendants," *i.e.*, both MetLife and Bucsek.

That is a sufficient allegation. The motion is denied insofar as it seeks to dismiss Count 3.

### B.    Count 5 – Defamation

Count 5 of the Complaint asserts a claim of defamation against MetLife only.

Traditional common law defamation has three essential elements: "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault

3

amounting at least to negligence by the publisher." *Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 585, 969 A.2d 1097 (2009) (quoting *DeAngelis v. Hill*, 180 N.J. 1, 13, 847 A.2d 1261 (2004)); *see also G.D. v. Kenny*, 984 A.2d 921, 927–28 (N.J. Super. Ct. App. Div. 2009), *aff'd*, 15 A.3d 300 (N.J. 2011). "A defamatory statement is one that is false and 'injurious to the reputation of another' or exposes another person to 'hatred, contempt or ridicule' or subjects another person to 'a loss of the good will and confidence' in which he or she is held by others." *Romaine v. Kallinger*, 537 A.2d 284, 287 (N.J. 1989) (quoting *Leers v. Green*, 131 A.2d 781, 787 (N.J. 1957)). Whether a statement is defamatory is an issue of law, but one that depends on the "content, verifiability, and context of the challenged statements." *Ward v. Zelikovsky*, 643 A.2d 972, 978 (N.J. 1994).

The factual allegations of the complaint relating to defamation are, in their entirety, as follows:

> 17. Following her termination, MetLife contacted Plaintiff's clients and informed them that she was terminated and, including but not limited to, no longer a licensed advisor. As recent as one (1) month before the filing of this Complaint, MetLife was continuing to defame Plaintiff by knowingly communicating false, unprofessional statements to Plaintiff's former clients.

(Cplt. ¶ 17)

MetLife's brief cites state case law requiring that the complaint plead "when, where, by which defendant and by what words, written or oral, plaintiff was defamed." *Zoneraich v. Overlook Hosp.*, 212 N.J. Super. 83, 101 (App. Div. 1986). The Federal Rules, not state law, control pleading standards in this court. Nevertheless, I think that the *Twombly/Iqbal* standards require more than this complaint gives us. The allegations of this complaint are simply too general; they fail to plausibly set forth facts supporting the elements of defamation. The speaker is not identified. The time frame is stated only generally as "[f]ollowing [Li's] termination." The "clients" are not identified. One portion of the statement (that Li was terminated) does not appear on its face to

4

be false. Other statements, identified only as "false, unprofessional statements," are too vague to be evaluated.

In her brief in response to the motion, Li attempts to identify more specifically the statements of which she complains. But "[s]ince a 'complaint may not be amended by the briefs in opposition to a motion to dismiss', the Court must disregard these allegations. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984); *see also Commonwealth of Pennsylvania v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (same)." *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 493 (D.N.J. 1998). Such statements do, however, suggest that Li may wish to attempt to amend her allegations. Because there has been no prior dismissal, I will enter the dismissal of Count 5 without prejudice. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (where a complaint is dismissed on Rule 12(b)(6) grounds, "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.")

### III. CONCLUSION

Accordingly, the defendants' motion to dismiss is denied as to Count 3 and granted as to Count 5. The dismissal of Count 5 is without prejudice to the submission of an amended complaint within 30 days. An appropriate order accompanies this Opinion.

Dated: September 26, 2016

HON. KEVIN MCNULTY, U.S.D.J.